# Exhibit B

131st District Court

## Case Summary

### Case No. 2021CI17783

| | | | | |
|---|---|---|---|---|
| **Lucille Coronado Garcia VS Lowe's Companies Inc** | § | | Location: | **131st District Court** |
| | § | | Judicial Officer: | **131st, District Court** |
| | § | | Filed on: | **08/27/2021** |

---

## Case Information

Case Type: PREMISES
Case Status: **08/27/2021  Pending**

---

## Assignment Information

**Current Case Assignment**
Case Number      2021CI17783
Court              131st District Court
Date Assigned    08/27/2021
Judicial Officer  131st, District Court

---

## Party Information

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Garcia, Lucille Coronado** | **NUNEZ, STEVEN A** *Retained* |
| **Defendant** | **Lowe's Companies Inc** | **GANT, ROBIN R** *Retained* |

---

## Events and Orders of the Court

08/27/2021   New Cases Filed (OCA)

08/27/2021   PETITION
               *with jury demand*

08/27/2021   REQUEST FOR SERVICE AND PROCESS

08/27/2021   JURY FEE PAID

09/08/2021   **Citation**
               Lowe's Companies Inc
               Served: 09/22/2021

09/30/2021   RETURN OF SERVICE - SUCCESSFUL
                 Party:   Defendant Lowe's Companies Inc

10/15/2021   LETTER
               *MR NUNEZ FR: ROBIN R GRANT*

10/15/2021   ORIGINAL ANSWER OF
               *LOWE S COMPANIES, INC., d/b/a LOWE S HOME CENTERS, LLC, d/b/a LOWE S HOME IMPROVEMENT*

FILED
8/27/2021 4:08 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

cit pps wjd

CAUSE NO. **2021CI17783**

| | | |
|---|---|---|
| **LUCILLE CORONADO GARCIA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | Bexar County - 131st District Court |
| **v.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **LOWE'S COMPANIES, INC., D/B/A** | § | |
| **LOWE'S HOME CENTERS, LLC, D/B/A** | § | |
| **LOWE'S HOME IMPROVEMENT** | § | **BEXAR COUNTY, TEXAS** |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **LUCILLE CORONADO GARCIA**, hereinafter referred to by name or as Plaintiff, and complains of **LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiff **LUCILLE CORONADO GARCIA** is an individual residing in Bexar County, Texas.

3. Defendant **LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT**, is a foreign corporation doing business in

the state of Texas, and may be served with process through its registered agent Corporation Service Company located at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, New Jersey 08628.

## III.
## JURISDICTION & VENUE

4.    This Court has jurisdiction over the parties because the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because the Defendants are Texas residents and/or do business in the State of Texas.

5.    Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in San Antonio, Texas.

## IV.
## FACTS

6.    On or about May 14, 2020 Plaintiff **LUCILLE CORONADA GARCIA** was a patron at the **LOWE'S HOME CENTERS, LLC** located at 11333 Bandera Rd, in the Bandera Pointe shopping strip, in Bexar County, San Antonio, Texas. Plaintiff was returning a cart to the corral when she slipped on debris left in the cart return area causing Plaintiff to hit her head on the cart and land on her side. The unreasonably dangerous condition caused by litter and debris caused the Plaintiff's injuries and the need for her subsequent medical treatment. Defendant owed a duty of care to protect her from injury.

7.    The above referenced acts and/or admissions by the Defendant constitutes as malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was

aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

## V.
## CAUSES OF ACTION AGAINST
## LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT

### A.    NEGLIGENCE

8.    On the occasion in question, the Defendant and their agents, servants, and employees were guilty of negligence towards the Plaintiff in the following respects:

      a.    in failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's Premises;

      b.    in failing to provide for the safety of Plaintiff under the circumstances;

      c.    in failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution;

      d.    negligently maintaining the area in question in such a way so as to constitute a negligent activity;

      e.    in failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and

      f.    in failing to remove the dangerous condition or warn others of its existence.

9.    Each and all of the foregoing acts and/or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

### B.    PREMISES LIABILITY

10.    Pleading in the alternative, on or about May 14, 2020, Defendant **LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT** in possession of the premises located 11333 Bandera Rd, which forms the

basis of this suit. The Plaintiff was a patron of the premises, because she entered the premises with Defendant's knowledge. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm, or to make the condition reasonably safe. Defendant knew or should have known that the litter and debris in the cart coral where the plaintiff fell was present, was a tripping hazard, such that it created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated.However, Defendant breached their duty of ordinary care by both failing to warn the Plaintiff or the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas Law.

11.    Each and all of the forgoing acts and or omissions were negligent and constituted negligence and were each and all the proximate case of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

### *RESPONDEAT SUPERIOR*

12.    At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment of official duties and in furtherance of the duties or their office or employment. Therefore, Defendants are further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior*.

13.    Each and all of the foregoing acts and or omissions of the agents, servants, or employees for Defendant were negligent and constituted negligence and were each and all proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

## C.    *GROSS NEGLIGENCE*

14.    Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had an actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or other similarly situated. Specifically, Defendant did not safeguard premises as set forth hereinabove; further; **LUCILLE CORONADO GARCIA** was injured because Defendant was negligent and grossly negligent in having:

   a)   Not having warning signs to caution pedestrians of tripping hazard;

   b)   Improper maintenance of the area causing the tripping hazard

15.    The acts and/or omissions by Defendant outlined in Paragraph 12 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

16.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES

17.    As a direct result of the conduct of the Defendant and their agents, servants, and employees, plaintiff suffered severe injuries to his body, more specifically to his hand, elbow and left ribs. These injuries are permanent in nature. These injuries have had a serious effect on Plaintiff's health

and well-being. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for her entire life. These specific injuries and his ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of the deterioration of her body for long into the future if not for the balance of her natural life. As a result of the nature and consequences of her injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life. By reason of all the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court and for which this lawsuit is brought.

18.     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for the services.

19.     As a further result of the injuries sustained by plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur further reasonable and necessary expenses for his medical care and attention.

20.     By reason of all the above, Plaintiff **LUCILLE CORONADO GARCIA** has suffered losses and damages in a sum within the jurisdictional limits of this court for which she now sues.

21.     Plaintiff asserts the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND**

00/100 **DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which
Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

**22.**     Plaintiff further requests both pre-judgment and post-judgment interest on all her damages
as allowed by law.

## VIII.
## DEMAND FOR TRIAL BY JURY

**23.**     Plaintiff **LUCILLE CORONADO GARCIA,** demands a trial by jury.     Plaintiff
acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

**24.**     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested
to disclose, within fifty (50) days of service hereof, the information and material described in each
section of RULE 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the Defendant be cited to
appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant
in an amount within the jurisdictional limits of this Court, together with all pre-judgment and
post-judgment interest as allowed by law, costs of Court, and for such other and further relief to
which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;

4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;
7.    Physical impairment in the past;
8.    Physical impairment in the future;
9.    Physical disfigurement in the past;
10.   Physical disfigurement in the future;
11.   Lost wages in the past;
12.   Loss of future wage-earning capacity;
13.   Pre-judgment interest;
14.   Post-judgment interest; and
15.   Exemplary damages

Respectfully Submitted,

THE LAW OFFICES OF THOMAS J. HENRY
P.O. Box 696025
San Antonio, Texas 78269
Phone: (210) 656-1000
Fax: (877) 513-1359

By: _____

Steven A. Nunez
STATE BAR NO: 24107206
snunez-svc@tjhlaw.com
*service by email to this address only

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Steven Nunez on behalf of Steven Nunez
Bar No. 24072076
snunez-svc@thomasjhenrylaw.com
Envelope ID: 56745017
Status as of 8/30/2021 8:14 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steven ANunez | | snunez-svc@thomasjhenrylaw.com | 8/27/2021 4:08:38 PM | SENT |

PRIVATE PROCESS

Case Number: 2021CI17783

Lucille Coronado Garcia VS Lowe's Companies Inc
(Note: Attached Document May Contain Additional
Litigants)

IN THE **131ST DISTRICT COURT**
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: LOWE'S COMPANIES INC DBA LOWE'S HOME CENTERS LLC DBA LOWE'S HOME IMPROVEMENT
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY** was filed **on the 27th day of August, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 8th day of September, 2021.

STEVEN A NUNEZ
ATTORNEY FOR PLAINTIFF
5711 UNIVERSITY HEIGHTS BLVD STE 101
SAN ANTONIO TX 78249



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Jason Pastrano
Jason Pastrano, Deputy

---

LUCILLE CORONADO GARCIA VS LOWE'S COMPANIES INC

Case Number: 2021CI17783
131st District Court

### Officer's Return

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20_____ at _____ o'clock _____ M. at _____ or ( ) not executed because _____

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County,

Texas

BY:

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

Declarant

Date Served: 9-22-21
Time Served: 1:44 P
Server: O J Taylor
Server Reg: Not Applicable
Person Served: L. Comston

FILED
10/15/2021 5:37 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Teresa Diaz
Bexar County - 131st District Court

Case 5:21-cv-01023-FB   Document 1-2   Filed 10/22/21   Page 13 of 22



ROBIN R. GANT
DIRECT: 214.379.6908
E-MAIL: RGANT@MAYERLLP.COM

October 15, 2021

Steven A. Nunez
THE LAW OFFICES OF THOMAS J. HENRY
P.O. Box 696025
San Antonio, Texas 78269

   Re: ***Lucille Coronado Garcia v. Lowe's Companies, Inc., d/b/a***
     ***Lowe's Home Centers, LLC, d/b/a Lowe's Home Improvement***
     Cause No.: 2021CI17783
     Court:  In the 131st District Court, Bexar County, Texas
     Our File No.:10091.00221

Dear Mr. Nunez:

   Enclosed is ***Defendant Lowe's Companies, Inc., d/b/a Lowe's Home Centers, LLC, d/b/a Lowe's Home Improvement's*** *(all of whom are incorrectly named and improper parties)* ***Original Answer and Verified Denials to Plaintiff's Original Petition*** in the above-referenced matter, which was e-filed today in the 131st District Court, Bexar County, Texas.

   *Please be advised that we would like to take your client's deposition, on a mutually agreeable date and time, following our receipt of Plaintiff's answers to Defendant's forthcoming written discovery requests.*

   Should you have any questions, please do not hesitate to contact Steve Barnett, the handling attorney on this file at 210.457.1211, sbarnett@mayerllp.com or me at 214.379.6908 or via email at rgant@mayerllp.com.

       Sincerely,

       MAYER LLP


       By: _/s/ Robin R. Gant_____
         Robin R. Gant

RRG/pm
Attachment

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patty Mikula on behalf of Robin Gant
Bar No. 24069754
pmikula@mayerllp.com
Envelope ID: 58250015
Status as of 10/18/2021 3:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steven ANunez | | snunez-svc@thomasjhenrylaw.com | 10/15/2021 5:37:31 PM | SENT |
| Dinorah DScholl | | dscholl@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |

Associated Case Party: Lowe's Companies Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steven Barnett | | sbarnett@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |
| Robin Gant | | rgant@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |

FILED
10/15/2021 5:37 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Teresa Diaz
Bexar County - 131st District Court

## CAUSE NO. 2021CI17783

| | | |
|---|---|---|
| **LUCILLE CORONADA GARCIA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **LOWE'S COMPANIES, INC., D/B/A** | § | |
| **LOWE'S HOME CENTERS, LLC, D/B/A** | § | |
| **LOWE'S HOME IMPROVEMENT,** | § | |
| *Defendants.* | § | **131st JUDICIAL DISTRICT** |

---

**DEFENDANTS LOWE'S COMPANIES, INC., d/b/a
LOWE'S HOME CENTERS, LLC, d/b/a
LOWE'S HOME IMPROVEMENT'S**
*(all of whom are incorrectly named and improper parties)*
**ORIGINAL ANSWER AND VERIFIED DENIALS TO
PLAINTIFF'S ORIGINAL PETITION**

---

Defendants, LOWE'S COMPANIES, INC., d/b/a LOWE'S HOME CENTERS, LLC, d/b/a

LOWE'S HOME IMPROVEMENT, *(all of whom are incorrectly named and improper parties)*, hereby

file their Original Answer and Verified Denial to Plaintiff's Original Petition as

follows:

## I.
## GENERAL DENIAL

1.     Defendants deny each and every, all and singular, the material

allegations contained within Plaintiff's pleadings and demand strict proof thereof.

## II.
## VERIFIED DENIALS

### A. *Lowe's Companies, Inc.*

2.     Pursuant to Rule 93 of the Texas Rules of Civil Procedure, subject to and

without waiving its General Denial, and in the alternative, **LOWE'S COMPANIES, INC.**

*(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* specifically denies that it has any liability and/or interest in the incident that forms the basis of the Plaintiff's lawsuit and said denial is supported by Declaration herein.

3.     Furthermore, **LOWE'S COMPANIES, INC.** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* further denies that it is a proper Defendant in this lawsuit and asserts that there is a defect of parties. **LOWE'S COMPANIES, INC.** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* does not own, operate, or hold any interest in Lowe's retail stores and is not "doing business" as any other Lowe's entity named as a Defendant in this lawsuit.

4.     Furthermore, **LOWE'S COMPANIES, INC.** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)*  denies that it is a proper party to this lawsuit and hereby challenges this Court's jurisdiction over it. Thus, Defendant **LOWE'S COMPANIES, INC.** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* asserts that Plaintiff is not entitled to recover relief from this named Defendant and that it cannot be sued in the capacity in which it has been sued by the Plaintiff in her pleadings.

### B. *Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement*

5.      Pursuant to Rule 93 of the Texas Rules of Civil Procedure, subject to and without waiving its General Denial, and in the alternative, **LOWE'S HOME CENTERS, LLC D/B/A LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* specifically denies that it has any liability and/or interest in the incident that forms the basis of the Plaintiff's lawsuit and said denial is supported by Declaration herein.

6.      Furthermore, **LOWE'S HOME CENTERS, LLC D/B/A LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* further denies that it is a proper Defendant in this lawsuit and asserts that there is a defect of parties. LOWE'S HOME CENTERS, LLC *d/b/a Lowe's Home Improvement* is not "doing business" as any other Lowe's entity named as a Defendant in this lawsuit.

7.      Furthermore, **LOWE'S HOME CENTERS, LLC D/B/A LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* denies that it is a proper party to this lawsuit and hereby challenges this Court's jurisdiction over it. Thus, Defendant **LOWE'S HOME CENTERS, LLC D/B/A LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* asserts that Plaintiff is not entitled to recover relief from this named Defendant and that it cannot be sued in the capacity in which it has been sued by the Plaintiff in her pleadings.

### C. *Lowe's Home Improvement*

8.      Pursuant to Rule 93 of the Texas Rules of Civil Procedure, subject to and without waiving its General Denial, and in the alternative, **LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* specifically denies that it has any liability and/or interest in the incident that forms the basis of the Plaintiff's lawsuit and said denial is supported by Declaration herein.

9.      Furthermore, **LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* further denies that it is a proper Defendant in this lawsuit and asserts that there is a defect of parties. **LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT*)* does not own, operate, or hold any interest in Lowe's retail stores and is not "doing business" as any other entity named as a Defendant in this lawsuit.

10.     Furthermore, **LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT)* is a nonexistent entity and denies that it is a proper party to this lawsuit and hereby challenges this Court's jurisdiction over it. Thus, **LOWE'S HOME IMPROVEMENT** *(incorrectly named herein as* LOWE'S COMPANIES, INC., D/B/A LOWE'S HOME CENTERS, LLC, D/B/A LOWE'S HOME IMPROVEMENT)* asserts that Plaintiff is not entitled to recover relief from this named Defendant and that it cannot be sued in the capacity in which it has been sued by the Plaintiff in her pleadings.

## III.
## PRAYER FOR RELIEF

Therefore, **LOWE'S COMPANIES, INC., d/b/a LOWE'S HOME CENTERS, LLC, d/b/a LOWE'S HOME IMPROVEMENT** *(all of whom are incorrectly named and improper parties to this lawsuit)*, pray that Plaintiff take nothing by this lawsuit, that Defendants go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**MAYER LLP**
750 North St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900

By:    */s/ Robin R. Gant*
Robin R. Gant
State Bar No. 24069754
E-Mail: rgant@mayerllp.com
Zach T. Mayer
State Bar No. 24013118
E-Mail: zmayer@mayerllp.com
Steve Barnett
State Bar No. 24092086
E-Mail: sbarnett@mayerllp.com

**ATTORNEYS FOR DEFENDANT
LOWE'S COMPANIES, INC., d/b/a
LOWE'S HOME CENTERS, LLC, d/b/a
LOWE'S HOME IMPROVEMENT**
*(all of whom are incorrectly named and improper parties)*

---

### UNSWORN DECLARATION OF ROBIN R. GANT
### UNDER PENALTY OF PERJURY

---

1.      My name is Robin R. Gant and I am a Partner at Mayer LLP. I am a member in good standing of the State Bar of Texas State. I have never been convicted of a crime. I am counsel for named Defendant Lowe's Home Improvement, LLC in this lawsuit.

2.      I am of sound mind, over the age of eighteen years old, and capable of making this Declaration and it is made based on my own personal knowledge.

3.      I am familiar with the facts stated in Section II of *Defendants Lowe's Companies, Inc., d/b/a Lowe's Home Centers, LLC, d/b/a Lowe's Home Improvement's Original Answer and Verified Denials to Plaintiff's Original Petition* and declare that said facts are true and correct.

4.       I declare under penalty of perjury that the foregoing is true and correct. My work address is 750 North Saint Paul Street, Suite 700, Dallas, Texas 75201, 214.379.6908.

**EXECUTED** this 15th day of October 2021.

**ROBIN R. GANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 15th day of October 2021, a true and correct copy

of the foregoing has been forwarded to all counsel of record as follows:

|  |  |
|---|---|
| Steven A. Nunez<br>THE LAW OFFICES OF THOMAS J. HENRY<br>5711 University Heights Blvd., Ste. 101<br>San Antonio, Texas 78249<br><br>*Counsel for Plaintiff* | ☐ E-Mail (snunez-svc@tjhlaw.com)<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight Mail<br>☐ Regular, First Class Mail<br>☒ E-File and Serve<br>☐ E-Service Only<br>☐ Certified Mail/Return Receipt Requested |

/s/ *Robin R. Gant*
Robin R. Gant

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patty Mikula on behalf of Robin Gant
Bar No. 24069754
pmikula@mayerllp.com
Envelope ID: 58250015
Status as of 10/18/2021 3:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steven ANunez | | snunez-svc@thomasjhenrylaw.com | 10/15/2021 5:37:31 PM | SENT |
| Dinorah DScholl | | dscholl@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |

Associated Case Party: Lowe's Companies Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steven Barnett | | sbarnett@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |
| Robin Gant | | rgant@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 10/15/2021 5:37:31 PM | SENT |