IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUCILLE CORONADO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-21-CV-1023-FB |
| | § | |
| LOWE'S HOME CENTER, INC. d/b/a | § | |
| LOWE'S HOME CENTERS, LLC d/b/a | § | |
| LOWE'S HOME IMPROVEMENT, | § | |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING CASE AND JUDGMENT

The Court has considered the status of the above styled and referenced cause. On February 2, 2022, Plaintiff's counsel of record filed a motion with the Court seeking permission to withdraw as attorney of record because due an "irretrievable breakdown in communication between attorneys and client," a fundamental disagreement as to the prosecution of this matter has resulted and therefore good cause exists for the attorneys to withdraw. Motion to Withdraw as Attorney of Record, docket #9 at page 2. Counsel advised further that there is "no realistic hope that this situation will change and continued representation served no purpose to either party." *Id.* at page 3. Counsel attempted to obtain the consent of the Plaintiff to withdraw as her attorney of record, but Plaintiff would not consent to the withdrawal. *Id.*

Receiving no response or opposition to the Motion to Withdraw from the Plaintiff, the Court on February 25, 2022, entered an Order Granting Motion to Withdraw as Attorney of Record and Order Requiring Advisory from the Plaintiff (docket #10), allowing counsel to withdraw and ordering that:

> plaintiff Lucille Coronada Garcia **shall file** an advisory with the Court on or before **March 18, 2022,** indicating how she intends to proceed or have her new counsel file a notice of appearance on or before March 18, 2022. If plaintiff intends to proceed

*pro se*, she **shall** keep the Court apprized of her current address. Plaintiff is hereby ADVISED that her failure to comply with this order by the March 18, 2022, deadline will result in the **DISMISSAL** of her case against the defendant for failure to prosecute and/or failure to comply with a Court order.

<u>Order Granting Motion to Withdraw as Attorney of Record and Order Requiring Advisory from the Plaintiff</u>, docket #10 at page 2. The Clerk of Court forwarded a copy of this order by certified mail to the last known addresses for the Plaintiff provided to the Court, and the return receipt indicates it was received on March 2, 2022 (docket #12).

To date, no response to the Order Requiring Advisory has been filed. Because the Plaintiff has failed to comply with the Order and has not attempted to contact the Court in any way since the withdrawal by her attorney to check on the status of his case, the Court finds this case should be dismissed for failure to prosecute and/or failure to comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 252 (S.D. Tex. 2005) ("Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. The court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases.").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED and DECREED that this case is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to comply with this Court's order and for failure to prosecute. IT IS FURTHER ORDERED that motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of March, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE